UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | Crim. No. 96-428 (LFO) |
| v. ) | |
| ) | |
| RODNEY GORDON ) | |
| ) | |
| Defendant-Movant. ) | |
| _____) | |

**MEMORANDUM**

  Rodney W. Gordon, who is presently incarcerated, moves *pro se* to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 to the United States Sentencing Guidelines (U.S.S.G.). Previously, this court construed Gordon's motion as a successive habeas petition subject to certification by the appropriate court of appeals, *see* 28 U.S.C. § 2255, at ¶ 8, and thus transferred the motion to the D.C. Circuit. *See* Order (Aug. 14, 2006) [dkt #121]. That court has now ordered that I pass on the motion in the first instance, insofar as it concerns sentence modification pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591. *See In re Gordon*, No. 06-3125 (D.C. Cir. Apr. 5, 2007) (unpublished order) [dkt #124].

  Section 3582(c)(2) and Amendment 591, invoked by Gordon, permit modification of a sentence when a defendant's offense guideline was selected based upon the defendant's actual conduct, rather than the elements of his statutory offense of conviction. *See United States v. Rivera*, 293 F.3d 584, 586 (2d Cir. 2002); U.S.S.G. Manual supp. to app. C, at 31-32 (2001). Amendment 591 "emphasize[s] that the sentencing court must apply the offense guideline

referenced in the Statutory Index [of the U.S.S.G.] for the statute of conviction." *Id.* at 32. Thus, for example, in order for an enhanced sentence pursuant to U.S.S.G. § 2D1.2 (for drug offenses involving underage or pregnant individuals or protected locations) to apply, Amendment 591 mandates that the defendant be convicted of the statutory offense associated with that guideline and referenced in the Statutory Index, rather than simply have engaged in conduct described by § 2D1.2. *Id.* Where a sentencing court has failed to comply with Amendment 591, § 3582(c)(2) permits modification of the defendant's sentence to conform to the Amendment. *See United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam).

These provisions do not apply to Gordon, however, because he was sentenced under U.S.S.G. § 2D1.1(a)(3) pursuant to his statutory offense of conviction, 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii), consistent with Amendment 591. *See* Presentence Report, at 3-5. Thus, his sentence did not offend or implicate Amendment 591 and cannot be modified under § 3582(c)(2).

Gordon argues that Amendment 591 requires a sentence modification because the sentencing court failed to specify the amount or kind of cocaine used to measure the offense level in the calculation of his sentence. However, Amendment 591 applies only to the selection of the offense *guideline*, and it does not apply to a sentencing court's selection of an intra-guideline offense *level*. *See Rivera*, 293 F.3d at 586. Thus, the Amendment cannot sustain Gordon's motion. Moreover, to the extent that Gordon's argument relies on application of the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, that argument is foreclosed by the order of the court appeals, *see In re Gordon*, No. 06-3125 (denying Gordon's motion to file a successive habeas petition "to the extent petitioner seeks directly to raise a claim

that his sentence was imposed in violation of *Apprendi*").

      The foregoing considered, the court will deny Gordon's motion in an accompanying order.

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2007